## CHICAGO, ST. LOUIS AND NEW ORLEANS RAILROAD COMPANY v. MOSS & CO.

**APPEAL.** *Right of equality in respect thereto. Suits against corporations. Attorney's fee. Constitutionality of Act of 1882.*

Sect. 1 of an act of the Legislature, approved March 9, 1882, entitled, "An act for the relief of certain litigants," provides, "that whenever an appeal shall be taken from the judgment of any court in any action for damages brought by any citizen of this State against any corporation, a reasonable attorney's fee for the appellee shall be assessed by the court and certified by the clerk of the court, and upon affirmance of the judgment, a judgment for the amount so assessed shall be rendered in favor of the appellee and against the appellant, and the sureties on his appeal-bond, and collection thereof shall be had in the same manner as of other judgments rendered on appeal; provided, the fee so assessed shall not be less than fifteen dollars in appeal from the court of a justice of the peace, nor less than twenty-five dollars in appeal from the judgment of a Circuit Court." This act discriminates between classes of *persons* as to the incidents of an appeal from the judgment of an inferior court, and is, therefore, unconstitutional because violative of that principle of personal equality before the law, and in the courts, which is protected by the provisions of the Bill of Rights contained in our State Constitution.

MOTION in Supreme Court.

Moss & Co., citizens of this State, having recovered a judgment in the Circuit Court against the Chicago, St. Louis and New Orleans Railroad Company, the defendant appealed to this court; and the Circuit Court, in pursuance of an act of the Legislature, entitled "An act for the relief of certain litigants" (Acts 1882, p. 110), assessed a fee of $350 as a reasonable attorney's fee for the appellees, in case the judgment should be affirmed. The judgment was affirmed by this court, and thereupon the appellant made this motion in the nature of a motion in arrest of judgment, to prevent the clerk of this court from entering judgment against the appellant for the sum assessed by the lower court for the appellee's attorney's fee.

This motion involves the construction of the first section of the act above mentioned, which provides: "That whenever an appeal shall be taken from the judgment of any court, in any action for damages, brought by any citizen of this State against any corporation, a reasonable attorney's fee for the appellee shall be assessed by the court and certified by the clerk of the court or justice of the peace, as the case may be, to the appellate court, and upon affirmance of the judgment a judgment for the amount so assessed shall be rendered in favor of the appellee and against the appellant, and the sureties on his appeal-bond, and collection thereof shall be had in the same manner as of other judgments rendered on appeals; *provided*, the fee so assessed shall not be less than fifteen dollars in appeal from the court of a justice of the peace, nor less than twenty-five dollars in appeal from the judgment of a Circuit Court."

*W. P. & J. B. Harris*, for the motion.

We think the act is contrary to the spirit and the object of our fundamental law, which is to secure equal and exact justice to all, without invidious discrimination. It is in conflict with the first section of the fourteenth amendment of the Constitution of the United States in denying equal protection of

the laws ; it is in violation of the State Constitution ; it is in con-
flict with the second section of the Bill of Rights ; it contra-
venes the twenty-second section of the Bill of Rights, in making
a distinction between citizens of this State and citizens of other
States ; it conflicts with the twenty-eighth section of the Bill of
Rights, which secures to all persons the right to have remedy by
due course of law, for all injuries to person, reputation or prop-
erty. It especially violates the thirtieth section of the Bill of
Rights, which declares that " no person shall be debarred from
prosecuting or defending any civil cause for or against him or
herself before any tribunal in this State, by him or herself, or
counsel, or both." So far as property rights and interests
depend for their security and enjoyment on legal remedies
in courts of justice, the act violates all the constitutional pro-
visions cited. The act, in express terms, confines the so-called
" relief " to citizens of the State of Mississippi. What that
relief is, is perhaps not fully disclosed. He or she is to have
his or her lawyer's fees paid in suits against corporations, and
to have for the satisfaction of judgments rendered for such
fees a privilege over all mortgages and other encumbrances
extraordinary in character. Here is a discrimination against
citizens of other States in favor of our own, and discrimination
in favor of those who bring suits against corporations for dam-
ages, and against all others who may have claims or demands
against such corporations of a different kind. Again, there is
discrimination against corporations in favor of citizens —
natural persons ; for should a corporation sue an individual
for damages, the " relief " is not bestowed, although the
character of the action and the nature of the injury may be
identically the same. It is plain to any one familiar with the
character and results of the litigation with corporations for
damages, that the purpose was not to relieve corporations at all,
but to impose a burden upon them. It is moreover demon-
strable from the act itself. The " relief " is not intended, as
before observed, where a corporation happens to be plaintiff
and a citizen defendant in a suit for damages. It is given

only when a citizen of the State (voluntarily, of course) forces a corporation into court to answer a claim for damages, so that in fact the law is in aid of the citizen against a corporation. It is proved by the mortgage feature. It is well understood that railroad corporations, at which this statute was surely aimed, are, without exception, mortgageors. The railroads are built by means of mortgages; it is a feature of railroad enterprise. These mortgages are supposed to stand in the way of claims for damages. The legislation of the State shows signs of a desire to get rid of this obstacle. It is considered a grievance that such a cover of railroad property should exist. Acts 1882, sect. 1, pp. 47–48, and other prior acts of railroad legislation not necessary to be cited. Individuals sometimes create encumbrances, but in no act of the Legislature, nor in any expression of public feeling, is there to be found a symptom of discontent about *bona fide* encumbrances by individuals of their property; and whoever considered that, in this litigation, as matter of indubitable fact, railroads were oppressed by the existence of mortgages on the property of individuals.

We can demonstrate that this partial and discriminating legislation is grounded on no consideration but one, and that is that a corporation is a party to the suit as a defendant. A natural person shoots a cow or a mule, not having a lawful fence — a railroad locomotive kills a mule or cow. There is no difference as to the extent of the injury. In both cases the law gives an action for damages, but in the case of the individual trespasser no burdens are imposed on the right of appeal. The burden is imposed where the corporation is the delinquent. It is impossible to evade this test. It is a discrimination against corporations. We impeach this act because it is hugger-mugger and false. Its title and its body together constitute a bald legislative joke, and a legislative joke, when it takes the form of a statute and works discriminating, or partial use of the important powers confided to the Legislature is, and should be decided,

void.   We repeat that the Legislature has not the power to enact that when a citizen sues a corporation neither party shall have the right of appeal, save under conditions not applicable to other litigants in like matters.   This kind of discrimination is held to violate the fundamental provision, the second section of the Bill of Rights.   It is not the law of the land.   The parties are singled out and placed under a rule distinct from that which governs like cases between citizens and persons generally.   Cooley's Const. Lim. 331, *et seq*. *Walley's Heirs* v. *Kennedy*, 2 Yerg. 554.

*Calhoon & Green, contra*.

The main objection urged to the act of 1882 is that it discriminates against the person of the suitor, and hence is unconstitutional.   This is an assumption not sustained by the act.   The legislative motives are impugned " on general principles," and thus the act is sought to be interpreted in the light of these assumptions.   This court cannot inquire into legislative motives.   The sole question here is one of power.   If the Legislature had the power to pass the act its wisdom or folly is not a matter of consideration for the court.   In the effort to make the act violate the Constitution, every presumption of fact and fiction is indulged by counsel.   Let us test the act.   It applies to a class of actions, not to a class of persons.   Its object is to provide an attorney's tax-fee in case of appeals in certain classes of cases.   The sole question is, had the Legislature the power to prescribe that in a certain class of appeals an attorney's fee should be allowed?   It is too late to question this power.   From time immemorial statutes have allowed damages on appeals in some classes of cases and not in others.  Personal judgments have five per cent appended as damages on appeal; mortgage decrees nothing.   So it must be conceded that the Legislature has power to award damages on appeal.   The next question is whether the mode of assessing the damages is constitutional.   It prescribes that a reasonable attorney's fee shall be assessed by the court and certified. It must be reasonable.   That it is assessed by the court is no

objection, for the same proceeding is practically had under sect. 1919, Code, upon dissolution of injunctions. Besides the amount is subject to exception, if not reasonable ; and, as no mode of procedure is established but merely " to be assessed by the court," it might be that the party might demand a jury to assess the damages. It is not seriously insisted that the mode prescribed of assessment is violative of the Constitution ; but if it was, there is no provision of the Constitution which denies to the Legislature the right to inflict damages on appeals, and this right given, the Legislature can say that it shall be fixed by the court, as well as that it shall be a certain per centum. We insist that the act be construed by its terms and not by outside assumptions of what the motives of the Legislature were. It will be noted that it is only in cases where the citizen is right and the judgment is affirmed that the railroad company has to pay these costs. In other words it is only where they claim more than they are legally entitled to, and vex the party in the right, with an appeal, that the damages apply.

*M. Green,* of counsel opposing the motion, made an oral argument.

CAMPBELL, C. J., delivered the opinion of the court.

This motion involves the question of the constitutionality of an act entitled, "An act for the relief of certain litigants," approved March 9, 1882, and found at page 110 of the Acts of 1882. Our view is that it is violative of that principle of equality before the law, and in the courts, which has ever been the boast of republican institutions. It discriminates between classes of *persons,* as to the incidents of an appeal from the judgment of an inferior court, and not as to the subjects of litigation or classes of controversies, but *because of the persons litigant.*

The right of appeal cannot be fettered and clogged with reference to the *parties* litigant or the attitude they occupy as plaintiff or defendant. All litigants, whether plaintiff or

defendant, should be regarded with equal favor by the law, and before the tribunals for administering it, and should have the same right to appeal with others similarly situated. All must have the equal protection of the law, and its instrumentalities. The same rule must exist for all in the same circumstances.

There may be different rules for appeals and their incidents in different *classes of cases* determined by their *nature and subjects*, but not with respect to the *persons* by or against whom they are instituted.

The subjection of every unsuccessful appellant to a charge for the fee of the attorney for the appellee would afford no ground for complaint as unequal, for it would operate on all, and such a rule for the unsuccessful appellant in certain classes of actions, tested by the nature and subject of the actions, would be equally free from objection on the ground of its discriminating character; but to say that where certain persons are plaintiffs, and certain persons are defendants, the unsuccessful appellant shall be subjected to burdens not imposed on unsuccessful appellants generally is to deny the equal protection of the law to the party thus discriminated against. It is to debar certain persons from prosecuting a civil cause before the appellate tribunals of this State.

It is an unwarrantable interference with the "due course of law" prescribed for litigants generally.

The Supreme Court of Alabama in *South and North Ala. Railroad Co.* v. *Morris*, 65 Ala. 193, pronounced an act of the Legislature of that State, which made the unsuccessful appellant from a decision by a justice of the peace liable for an attorney's fee as part of the costs taxed in favor of the appellee in actions for damages for killing live stock brought against corporations or persons operating railroads, unconstitutional as violative both of the State and Federal Constitutions. Several of the provisions of the Constitution of Alabama, quoted by its court in the case cited as bearing upon the question are contained in the Constitution of this State, viz: "Sect.

28. All courts shall be open and every person, for an injury done him  *  *  *  shall have remedy by due course of law, and right and justice administered without sale, denial or delay." " Sect. 30. No person shall be debarred from prosecuting or defending any civil cause for or against him or herself, before any tribunal in this State, by him or herself, or counsel, or both." Speaking of the act, that court said: " It is not general in its provisions or applicable to all persons, but is confined to such as own or control railroads only ; and it varies from the general law of the land, by requiring the unsuccessful appellant, in this particular class of cases, to pay an attorney's tax fee not to exceed $20. A law which would require all farmers who raised cotton to pay such a fee, in cases where cotton was the subject-matter of litigation, and the owners of this staple were parties to the suit, would be so discriminating in its nature as to appear manifestly unconstitutional ; and one which should confine the tax alone to physicians or merchants or ministers of the gospel would be glaring in its obnoxious repugnancy to those cardinal principals of free government which are found incorporated, perhaps, in the Bill of Rights of every State Constitution of the various commonwealths of the American government."

The Supreme Court of Wisconsin, in *Turke* v. *Janesville*, 28 Wis. 464, speaking of a law discriminating as to costs, said : " It is obvious there can be no *certain* remedy in the laws where the Legislature may prescribe one rule for one suitor, or class of suitors, in the courts and another for all others, under like circumstances, or may discriminate between parties to the same suit, giving one a most unjust advantage over the other. Parties thus discriminated against would not obtain justice freely and without being obliged to purchase it. To the extent of such discrimination they would be obliged to buy justice and pay for it, thus making it a matter of purchase to those who could afford to pay, contrary to the letter and spirit of this provision," referring to one the equivalent of sect. 28, Art. I, of the Constitution of Mississippi in these

words: "All courts shall be open, and every person, for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay;" speaking of which the court further said: " The language denotes that there can be but one remedy for all similar cases, which must operate upon all persons or parties alike, and be equally free and favorable to all."

The discrimination of this act is the more odious because it is *against citizens of this State*, who may be deterred by its provisions from appealing in cases against corporations, because of the penalty the act imposes on the unsuccessful appellant.

Citizens of other States and countries may bring actions for damages against corporations with no such risk of suffering a penalty for appealing. A corporation, domestic or foreign, may bring such action here against a corporation, with no such risk, but a citizen of this State cannot sue a corporation (of any kind) without the risk of having to pay an attorney's fee of unlimited magnitude to his successful antagonist in the litigation, if compelled to appeal to test his claim. No such obstacle as this should be thrown in the way of the citizen who seeks redress in the courts of his State for wrongs done him by a corporation.

By the act, if a citizen of this State brings an action for damages against a corporation, of whatever kind, and is cast in the action, and appeals and still fails, he must pay for his failure such attorney's fee for the corporation as shall have been assessed against him by the court appealed from, not less than the prescribed sum, and *unlimited in amount above that*. If a corporation sues him for damages, is cast in the action, appeals and fails, no fee is taxed against it in favor of the citizen, for it is only when the citizen brings the action that such result follows an unsuccessful appeal. He may be vexed, harrassed and oppressed by actions by corporations of the different sorts, and he must pay his own attorney's fees through

all the courts before which he may be dragged ; but when he sues the same corporation, and failing to maintain his action, as he thinks he should, appeals and fails, he must pay not only his own attorney but his adversary's. It is not in all cases of actions for damages between corporations and citizens, but only when the citizen is plaintiff that the act applies.

The act we are considering is far more objectionable than that held to be void in Alabama, whose provision was that the attorney's fee should not exceed $20. Our act fixes a *minimum* and no *maximum*. Not less than $15, if the appeal is from a justice's court, and $25, if from a Circuit Court, is to be the fee, and it may be for an unlimited sum greater, with no means of correction or opportunity for trial and determination of the propriety of its assessment. It may be grossly excessive and wantonly unjust, and no appeal lies from the assessment. The appellate court might be appalled by its magnitude and its injustice, and shrink from the disagreeable duty of giving judgment for it, but it is allowed no discretion. It must give judgment for it as assessed. This is the mandate of the act.

The damages claimed may be but a few dollars, the paltry value of a poor man's claim. The fee must be at least $15, and it must be adjudged against him, if he is an unsuccessful appellant from an adverse decision by a justice of the peace, whereby his loss may be doubled.

It is, doubtless, true that the act was designed for the relief of citizens who become litigants in actions against corporations, because it applies only when a citizen is plaintiff, and it was assumed that the corporation would be appellant, and to avoid discrimination between parties to the same action, it was made to operate on either party as appellant, but it sometimes occurs, and may very often, that the citizen plaintiff is an appellant, and in such cases the discrimination may operate oppressively on him.

The Supreme Court of Alabama declared its act violative of the Constitution of that State, and of the United States, be-

cause of its unjust discrimination in establishing peculiar rules for a particular occupation, *i.e.*, "such as own or control railroads."

Our objection to the act under consideration is broader, as shown above, embracing in its scope the right of the citizen who sues a corporation, for whom we assert the right to appeal on the same terms granted to other plaintiffs in like cases, *i.e.*, actions for damages against whomsoever brought.

The act was intended to deter from the appellate courts corporations against whom judgments should be rendered for damages, or citizens of this State suing them for damages. It was conceived in hostility to citizens as plaintiffs or corporations as defendants in such actions. In either view, it is partial and discriminating against *classes of litigants*, denying them access to the appellate courts on the same terms, and with the same incidents, as other litigants who may be plaintiffs or defendants in actions for damages. It is not applicable to all suitors alike in the class of actions mentioned by it.

The right of appeal is an important privilege. The Constitution expressly provides that : " In all causes tried by a justice of the peace the right of appeal shall be secured under such rules and regulations as shall be provided by law." Art. VI., sect. 23. Although there is no such requirement, in express terms, in the Constitution as to the right of appeal from Circuit and Chancery Courts, it is plain, from the creation of a Supreme Court, and the terms in which jurisdiction is conferred on Circuit and Chancery Courts, that the Constitution contemplates and makes provision for appeals from their decisions ; and while it is for the Legislature to prescribe in what cases appeals from these courts shall be allowed, and to regulate the terms on which all appeals may be had, and their incidents, it is not admissible to prescribe one rule for one class of litigants and a different one for another in the same kind of cases.

An act " which is partial in its operation, intended to affect particular individuals alone, or to deprive them of the benefit

of the general laws, is unwarranted by the Constitution and is void." "A partial law, tending directly or indirectly, to deprive a corporation or an individual of rights to property, or to the equal benefits of the general laws of the land, is unconstitutional and void."

In this case it is a citizen who seeks a recovery of an attorney's fee from a corporation; but in the next the position of parties may be reversed.

We hold the act mentioned to be unconstitutional, and decline to enter judgment for the sum assessed as a fee for the attorney of the appellee.