SORENSON v. WEBB.

[71 South. 273.]

CONSTITUTIONAL LAW. *Master and servant. Equal protection of law. regulation of manufacturers. Payment to employees. Statutes. Classification.*

Acts 1912, chapter 141, sections 1, 2, imposing a penalty in a reasonable attorney's fee upon every manufacturer for a failure to pay his employees once every calendar month, recoverable, if the employee has employed an attorney, by suit ten days after demand, in addition to the amount of wages due is unconstitutional as violating the provisions of Const., U. S. Amend. 14 and Const., Miss., art. 3, section 14, forbidding the denial of the equal protection of the laws, since the act arbitrarily selects manufacturers as a class upon whom to enforce the penalty without any reasonable and proper basis for the classification.

APPEAL from the circuit court of Rankin county. HON. C. L. DOBBS, Judge.

Suit by B. W. Webb against C. Sorenson. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Stingily & McIntyre,* for appellant.

Chapter 141 of the Acts of 1912, is clearly unconstitutional, and is within the inhibitions of the fourteenth amendment; and also section 14, article 3, of the constitution of the state of Mississippi. *Mo. K. T. RR. Co.* v. *Cade,* 38 Sup. Ct. 639 and the cases cited therein.

This statute gives to individuals certain rights as against parties engaged in manufacturing, and does not give to parties the same rights engaged in other lines of business. While manufacturing may be inherently dangerous, this fact cannot affect the rights of an employee to collect his wages, and the law cannot be so distorted as to give the employee of a manufacturer a right to collect attorneys' fees, regardless of his contract, when

all other wage earners are not given the same right.

"Classification is not to be made except upon the basis of some difference between the business of those favored and the business of those not favored—a substantial difference warranting the classification."

*Ballard* v. *Miss. Cotton Oil* Co., 81 Miss. 507. referring to a Texas statute similar to the one under consideration, the United States supreme court in the case of *Mo. K. T. RR. Co.* v. *Cade,* cited *supra,* quoting *R. Co.* v. *Ellis,* 165 U. S. 150, says: "That act allowed the recovery of plaintiff's attorneys' fees in certain classes of cases, but only where the defendant was a railroad company, and it was adjudged to be invalid because it singled out a particular class of debtors, and imposed this burden upon them, without any reasonable ground existing for the discrimination. The classification was held to be arbitrary, because having no relation to the special privileges granted to this class of corporations, or to the peculiar features of their business."

*A. J. McLaurin, Jr.,* for appellee.

The case of *State* v. *J. J. Newman Lumber Company,* reported in 60 Southern, at page 215, has no application in this case. Nowhere does that case say that laborers cutting trees or engaged in logging are not employees of the manufacturing concern. It merely says that such employees are not within the statute (Chapter 157, Laws 1912), intending to protect workmen engaged in Hazardous manufacturing enterprises. It nowhere declares them not to be employees. The statute was intended to protect just such employees as plaintiff in this case.

Holden, J., delivered the opinion of the court.

The appellee, B. W. Webb, filed suit against the appellant, C. Sorenson, in the circuit court of Rankin county, claiming that the said Sorenson, who was engaged in the sawmill business, was indebted to appellee, Webb, in the

sum of three hundred and thirteen dollars and fifty-two cents for hauling logs to Sorenson's sawmill. Sorenson denied the indebtedness, and the case went to trial, and there was a verdict for plaintiff for three hundred and sixty three dollars and fifty-two cents, fifty dollars of which was allowed as a reasonable attorney's fee in the case, and from this verdict Sorenson appeals here.

The fifty dollars attorney's fee recovery in the court below is based upon chapter 141 of the Acts of 1912, which is as follows:

"Section 1.   Be it enacted by the legislature of the state of Mississippi, that every company, corporation or association now existing or hereafter organized in this state and any individual or partnership engaged in the business of manufacturing shall, in the absence of a written contract to the contrary, be required to make full settlement with and full payment in money to their employees for services performed at least once in every calendar month of the year: Provided that said employers may hold back fifteen days' wages earned immediately before the regular pay day, which wages to be included in the next settlement.

·   "Sec. 2.   If any company, corporation, association, partnership or individual engaged in manufacturing, as provided in section 1 of this act, shall refuse or neglect to make such payment after demand, and within ten days from said demand, such employee may bring suit, and if recovery is had such employee may, in addition, recover reasonable attorney's fee for the prosecution of such suit, if such employee has employed an attorney to prosecute the same."

Appellant contends here that chapter 141, Acts of 1912, is unconstitutional and is within the inhibition of the Fourteenth Amendment of the United States Constituton (and also violates section 14, article 3, of the Constitution of the state of Mississippi), in that it denies to the appellant "the equal protecton of the laws." The appellant was engaged in the sawmill business, which may be

said to be a manufacturing business, as meant by chapter 141, Acts of 1912. It will be observed that the state statute imposes a penalty in a reasonable attorney's fee upon every manufacturer for a failure to pay his employees once in every calendar month, which penalty is recoverable by suit ten days after demand, in addition to the amount of wages due by the manufacturer to the employee.

This is a penalty or a burden imposed upon manufacturers for their failure to pay employees wages at a certain time, and is imposed upon no other class of individuals or corporations. The act singles out a certain class of debtors, to wit, manufacturers, and punishes them, when, for like delinquencies, it punishes no others. Thus they are not treated equally with other debtors. As said by Justice Brewer in *G., C. & Santa Fe Railroad Co.* v. *W. H. Ellis,* 165 U. S. 150, 17 Sup. Ct. 255, 41 L. Ed. 666:

"They cannot appeal to the courts as other litigants under like conditions and with like protection. If litigation terminates adversely to them, they are mulcted in the attorney's fees of the successful plaintiff; if it terminates in their favor, they recover no attorney's fees. It is no sufficient answer to say that they are punished only when adjudged to be in the wrong. They do not enter the courts upon equal terms. They must pay attorney's fees if wrong; they do not recover any if right; while their adversaries recover if right, and pay nothing if wrong. In the suits, therefore, to which they are parties, they are discriminated against, and are not treated as others. They do not stand equally before the law. They do not receive its equal protection. All this is obvious from a mere inspection of the statute."

It is true that the state has the power of classification, but—

"it must always rest upon some difference which bears a reasonable and just relation to the act in respect to which the classification is proposed, and can never be

made arbitrarily and without any such basis.  . . .  It is, of course, proper that every debtor should pay his debts, and there might be no impropriety in giving to every successful suitor attorney's fees. Such a provision would bear a reasonable relation to the delinquency of the debtor, and would certainly create no inequality of right or protection. But before a distinction can be made between debtors, and one be punished for a failure to pay his debts, while another is permitted to become in like manner delinquent without any punishment, there must be some difference in the obligation to pay, some reason why the duty of payment is more imperative in the one instance than in the other." *Railway* v. *Ellis, supra.*

Chapter 141 of the Acts of 1912 arbitrarily selects manufacturers as a class, without any reasonable and proper basis for the classification. We see no good reasons justifying the imposition of the extra burden and penalty of attorney's fees upon a sawmill manufacturer, as the business is not such as to warrant the discrimination against it, while other persons and corporations are not penalized for like delinquencies. We do not think that the classification made by the state statute here is based upon a reasonable ground. There is no difference which bears a just and proper relation to the attempted classification, but it is a mere arbitrary selection. Therefore, in view of these conclusions, we hold that the state legislature was without power to impose attorney's fees in the act here in question.

The judgment of the lower court is reversed as to the fifty dollar attorney's fee, and judgment entered here for appellant; and in all other respects the judgment is affirmed.

*Reversed in part, and affirmed in part.*