MOORE *et al.* v. BOARD, ETC., OF TOWN OF DUCK HILL.[*]

(Division B. Dec. 17, 1928.)

[119 So. 324. No. 27492.]

842

*Corpus Juris-Cyc. References: Equity, 21CJ, section 373, p. 366, n. 79; section 508, p. 458, n. 30; Municipal Corporations, 44CJ, section 2283, p. 164, n. 29; section 2476, p. 314, n. 2; section 3113, p. 662, n. 88; As to validity of assessment for public improvements by "front foot rule" see annotation in 28 L. R. A. (N. S.) 1124; L. R. A. 1917D, 372; 25 R. C. L. 145; 3 R. C. L. Supp. 1406.

*W. M. Mitchell*, for appellants.

*J. W. Conger,* for appellee.

Argued orally by *W. M. Mitchell,* for appellant, and *J. W. Conger,* for appellee.

ETHRIDGE, P. J. The appellants, complainants in the court below, filed a bill in the chancery court seeking an injunction against the municipal authorities of the town of Duck Hill, Miss., to prevent them from making certain street improvements at the expense of the abutting property owners. The town operates under chapter 99 of the Code of 1906, the general municipal chapter, and the amendments thereto. It was alleged that the board of mayor and aldermen, citing under authority of chapter 194 of the Laws of 1924, had declared their intention of letting the contract for the proposed special improvements, and were advertising for bids for said work. It was further alleged that they had no authority for mak-

ing the special improvements, as proposed by them, or for letting contracts therefor, for the reason, first, that the alleged resolution declaring the improvements necessary is illegal and void, because the alleged resolution was passed at a meeting of the board not authorized by law; second, that the alleged resolution did not properly locate or describe the portions of the street proposed to be improved; third, because the alleged plans and specifications referred to in said resolution are vague, uncertain, and contradictory as to grades, location, width, and depth of pavement, and materials and quantities thereof required for said pavements, gutters, curbs, and storm sewers proposed to be constructed, and are contradictory to the terms of said resolution; fourth, because the resolution does not advise the property owners and taxpayers of their right to protest against the said proposed improvements, as required by chapter 194 of the Laws of 1924, and because it did not give the property owners an opportunity to make the proposed improvements, nor did it provide for notice to them to do so. It was also alleged that the resolution provided that the improvements should be made by the street commissioner of said town, and does not provide for the letting of contracts therefor; also that the resolution provided for a method of assessing the cost of said improvements against abutting property owners in a manner not authorized by law, in that the width of the street varies at different places, while the cost is based upon the front foot rule.

It is further alleged that a portion of the street proposed to be improved constitutes a part of the Jefferson Davis Highway, which is taken over by the state highway commission for maintenance, and that the municipality has no power to improve said street at the expense of the abutting property owners and the city treasury.

To the bill were attached, as exhibits, the resolutions and notices showing that the improvements were to be

made on the basis of a payment of one-third of the cost of said pavements, curbs, and gutters by the town, and of one-third by the abutting property owners on each side, respectively.

The chancellor refused to grant a preliminary injunction at the hearing had for that purpose, at which hearing both parties were represented; after which refusal to grant preliminary injunction, process was served upon the defendant, returnable at the September rules.

There were no pleadings filed at the October rules, but on the 24th of October a demurrer to the bill was filed. One of the defendants was not served with process returnable at rules of the court, and at the regular term this person filed a separate demurrer to the bill embracing the same grounds as the demurrer filed by the other defendants. There was a motion to strike the demurrer from the files, because it was filed out of time without leave of court being first obtained to file same. This motion to strike was overruled, and the demurrer was sustained; from which this appeal is prosecuted.

We have carefully examined the bill, and exhibits thereto, and think the resolutions, notices, etc., are sufficient to comply with requirements of chapter 194, Laws of 1924, to bring the appellants into court, so as to bind them by the action taken by the board. There was no appeal from the judgment of the board, either in making the improvements, or in making the assessments against the property. By section 5 of chapter 194, Laws of 1924, it is provided:

"The resolution determining to proceed with the said improvement may direct that the cost and expense of the improvements hereby authorized, or such part as the governing authority shall charge upon the property benefited; in which resolution the governing authority shall direct that the whole or such part of the cost and expense thereof, as it shall fix, shall be assessed against the property abutting upon the improvement, according

to the frontage thereof; in the following manner by taking the whole number of front feet improved and dividing the total cost of the whole improvement thereby and multiplying the quotient by the number of front feet contained in such abutting lot or piece of ground, and the result shall be assessed by the board as the amount of the special tax to be assessed against each lot or piece of ground, except the cost of improvements as to sidewalks, curbs, and gutters, the entire cost of which shall be assessed against the property on which it abuts for its entire frontage only.''

The statute does not require the streets paved to be of uniform width throughout their length, and it does not of itself prevent the property abutting being benefited in an equal degree where the street is wider at one point than at another. Under this statute it is not necessary to require any owner to pave the street immediately in front of his residence. The city has the right to construct the improvements, and charge the amount to the abutting property owners, under this chapter, without giving the owner the opportunity to do the work himself, or to have it done.

A city has the power, and is directed, under the statute, to take the entire cost of the street improvements, and assess it against abutting property owners, on the basis of the number of feet of such abutting property, compared to the total number of feet. We see no merit in the averment that the board had no authority to pave a street varying in width at different points, and then to charge all abutting property owners a uniform front foot price.

By section 6, chapter 194, Laws of 1924, it is provided, among other things, that all persons who fail to object to the proposed assessment in the manner therein provided shall be deemed to have consented to and approved the same, and any property owner aggrieved by the decision of the governing authority may appeal to the cir-

cuit court in the manner allowed in such cases by section 81 of the Code of 1906, and the judgment on appeal shall be as provided by that section.

By section 7 of chapter 194 it is provided: "All special assessments levied under the provisions of this act, unless otherwise provided by the governing authority, shall become due and shall be paid to the treasurer or the municipality, or to the officer performing the duties of such treasurer, in full within ninety days from the date of confirmation thereof; provided, however, that the governing authority of the municipality may by resolution confer upon the property owners who admit the legality of the assessment the privilege of paying the assessment in not exceeding ten equal installments with interest from the date of the confirmation at the rate of six per cent per annum. Any property owner who shall not have taken an appeal from the assessment, as provided in section six of this act, shall upon failure to pay said assessment in full within ninety days from the date of confirmation be deemed to have elected to pay said assessment in installments as herein provided and he shall be deemed to have admitted the legality of the assessment and shall thereby waive all right to contest the validity thereof."

We think the notice sufficient to bring the taxpayer's attention to the proposed scheme, and to authorize him to appear and make objections to the proposed improvements and also to the assessment against him. His failure to appear at that time and contest the improvements and his liability for the cost thereof, and to take an appeal to the circuit court in the manner provided by the statute, forecloses his right to test the legality of the assessment. The appeal granted is an appropriate and efficient remedy, and it is competent for the legislature to provide that an appeal shall be the exclusive remedy for reviewing the judgment of the city authorities, where the notices are sufficient to bring the tax-

payer notice of his right and duty to appear and present such objection as he may have thereto.

In so far as the court's ruling on the motion to strike the demurrer from the files is concerned, we do not think the chancellor is deprived of the right to entertain the demurrer because of its being filed out of time without leave. His hearing and passing upon the same is equivalent to permitting it to be filed, and there is no error in the ruling in that regard.

We do not think the fact that the portion of the street involved in giving notice had been taken over for maintenance by the state highway department deprived the town authorities of jurisdiction to make the improvement, notwithstanding that the highway department has used a portion of the street of the town as a part of the highway, and has taken jurisdiction to maintain it, or keep it in repair, nor does it relieve the city of the duty of keeping the street in reasonably safe condition. See *Atkinson* v. *Town of Decatur*, 131 Miss. 707, 95 So. 689, where it was held that a municipality was not divested of such control over its streets which may be improved and maintained by the county under the provision of chapter 255, Laws 1914 (section 7179, Hemingway's Code of 1917), and it is not relieved of its duty to the public to keep such streets in reasonably safe condition to travel. It was also held in that case that a municipality cannot escape liability for an injury caused by a defect in a bridge on one of its public street by reason of the fact that the board of supervisors and the highway commissioners of a special road district have the consent of the mayor and board of aldermen for such jurisdiction over the street, and are maintaining same as a part of the public road of the county.

We do not think there is any merit in the other assignments of error, and the judgment of the court below will be affirmed.

*Affirmed.*