CITY OF LAUREL *v.* FOX.

(Division B.   May 20, 1929.)

[122 So. 484.   No. 27919.]

For former opinion, see 122 So. 484.

*Shannon & Schauber*, of Laurel, for appellant.

*J. Morgan Stevens*, of Jackson, for appellant.

*C. S. Street,* of Laurel, and *John C. Street,* of Poplar-ville, for appellee.

Argued orally by *J. M. Stevens,* for appellant, and by *John C. Street* and *C. S. Street,* for appellee.

ETHRIDGE, P. J., delivered the opinion of the court.

This is an appeal from the chancery court of the Second district of Jones county from a decree dismissing the bill of complaint filed by the city of Laurel against D. B. Fox to enforce payment of a paving tax against his property, for paving a street in front of his property on a certain highway street running through the city of Laurel, known as the Ellisville boulevard. The county had maintained this street in the past as one of the county highways through the municipality, but the city desired to pave it, as it was one of the principal thoroughfares of the city, and, not being willing to pay all the expenses of such paving, an agreement was entered between the city and the county, by which the county agreed to pay the city forty per cent. of the cost of such paving

out of the county funds available for that purpose. The city thereupon, through its mayor and commissioners, adopted a resolution or ordinance stating that the mayor and commissioners deemed it necessary to pave that part of Ellisville boulevard from Ash street to the north line of the northeast quarter of the southwest quarter of section 7, township 8, range 11 west, in the city of Laurel, and that, in the judgment of the mayor and commissioners, the general improvement fund of the city of Laurel should not be used for the purpose of making such improvement, but that a special tax to make the improvement should be levied to pay the entire cost of said improvement, describing plainly and specifically the improvements to be made. The provisions for notice to property owners, that are contained in the statute, were complied with, and no protest was filed, and the contract was let for the paving of Ellisville boulevard, and the abutting property owners were assessed by the mayor and commissioners with the entire cost of said paving; fifty per cent. of the same being assessed to the abutting property owners on each side of the boulevard.

It appears that the Laurel Light & Railway Company owned abutting property on one side of this boulevard, and was assessed with one-half of the cost of the improvement, amounting to twenty-eight thousand six hundred twelve dollars and seventy-six cents. After the assessment had been made and the contract let and completed, the county paid the city, either in cash or its obligations, forty per cent, as the county had agreed to do. A petition was signed by all the property owners, except Fox, owning property on the opposite side from the light company, requesting the city to apply the entire amount received from the county to the satisfaction of the assessment against the Laurel Light & Railway Company, so as to relieve them of the assessment, and this the city did. Fox, however, did not sign the petition, and refused to pay the assessment against his property, con-

tending that the entire assessment was void, because the city did not apply the forty per cent. paid by the county equally among the abutting property owners, thereby reducing the cost to them.

The case was heard before a special chancellor, and this contention of Fox was sustained by the chancellor, and the bill by the city was dismissed, from which holding this appeal is prosecuted.

It is insisted by the city that, the assessment having been made on regular notice and in compliance with the statute, and no protest having been filed by the abutting property owners at the time, and no appeal taken, such abutting property owners were validly charged with the entire cost of the construction of improving the street, and that it is no concern of these property owners that the city took the money awarded to it by the county and applied it to the benefit of one of the abutting owners. On the other hand, it is contended by appellee that the city, having made an agreement with the county by which the county agreed to pay forty per cent of the cost of the improvement, should have made an assessment after the application of the funds received from the county for the purpose for which such funds were received.

We are of opinion that neither of these contentions is entirely correct. We think the city and the county were authorized to enter into this kind of arrangement by reason of section 8465, Hemingway's 1927 Code (chapter 255, Laws of 1914), and the case of *Moore et al.* v. *Duck Hill* (Miss.), 119 So. 324. We think the assessments made by the city were validly made; that is to say, they are not void, and that the failure of the city to first apply the funds received by county did not entirely void these assessments. We think, however, that, when the county paid the city forty per cent for this specific purpose, it became a trust fund in the hands of the city for the benefit of all the abutting property owners, and it was the duty of the city to apply the fund received from the county in

the reduction of the assessments of all the abutting property owners in accordance with the apportionment made in the original assessments, and that the city did not have the right, without the consent of the property owners, to apply the entire amount in reduction of one abutting property owner. The defendant, Fox, has a right to have his assessment credited to the amount of forty per cent of the amount assessed against him, but was not entitled to escape the burden imposed by the assessment basis, supposedly upon the equivalent benefit to his property. When the city comes into equity to enfore its demand, it will be required, as any other litigant, to do equity, and equity in the case before us means to credit the assessment of the defendant, Fox, with forty per cent of the amount assessed against him.

It follows, from what we have said, that the chancellor erred in dismissing the bill and that he should have entered a decree in accordance with the view herein expressed. The defendant did not offer to pay sixty per cent of the assessment, but litigated the city's right thereto; consequently, both parties should pay part of the costs, so the costs of this appeal, and in the court below, will be taxed equally between the appellants and the appellees, and judgment will be here rendered in favor of the city for sixty per cent of the amount of the original assessment, without interest.

*Reversed, and judgment here.*

### On Suggestion of Error.

Griffith, J., delivered the opinion of the court on suggestion of error.

It is submitted in a suggestion of error that the decision of the court is erroneous in the respects (1) that interest, as is ordinarily the case, was allowed only from the date of the decree, and (2) in not allowing attorney's fees; and for the first time appellant calls our attention in this particular to a section of the statute, section 23, chapter 256, Laws 1914, section 6979, Hemingway's Code

1927, and to the case, *Buckley* v. *City of Jackson*, 125 Miss. 780, 88 So. 334. For the reason that these two matters were not presented as distinct points for determination in the original submission, and were not briefed nor in any manner argued, we could properly overrule the said suggestion without further attention. *Johnson* v. *State* (Miss.), 122 So. 529; *Eady* v. *State* (Miss.), 122 So. 199; *McCaskey Register Co.* v. *Swor* (Miss.), 122 So. 753.

Because, however, the points. were in a manner, even though not in a sufficient manner, raised in the last four lines of appellant's original brief, and because of the nature of the said points, we waive the rule, and respond that, in accordance with the first above-cited case, the suggestion will be sustained as to the interest, and the decree will be amended so as to carry interest from October 1, 1922.

Touching the second point, a question is there presented which is not free from difficulty, as has often been the case in respect to statutes providing attorney's fees. No decision in exact point has been brought to our attention by appellant, nor have we on our part been able to find any. We must therefore rest our conclusion on a general course of reasoning.

While the weight of authority is that statutory provisions for the imposition of attorney's fees in proceedings to collect special improvement assessments are valid, there is no great number of cases on the direct point, and of these several have arrived at the conclusion with evident reluctance and misgivings. And upon the general proposition of allowing statutory attorney's fees as a part of the recovery in a special class of cases, there is the utmost confusion and contrariety of judicial opinion. For instance, in many states the statutes have attempted to allow attorney's fees to successful plaintiffs in suits to foreclose mechanic's liens. In several of those states, their supreme courts have held the provision in-

valid, while apparently about an equal number have sustained it.

It is broadly declared in a few of the cases that statutes which allow attorney's fees to a successful plaintiff and not to a successful defendant are void as denying the equal protection of the laws, and the quotation in *Sorenson* v. *Webb*, 111 Miss. at page 90, 71 So. 273, would indicate that our own court gave some favorable consideration to this view. See, also, *Chicago, etc., R. R. Co.* v. *Moss*, 60 Miss. 641. But since the result we reach will remove the question, we do not go so far as to indicate any definite opinion in this case upon the constitutionality of the statute. We simply call attention to the unguarded language of the statute which declares that "the chancellor shall allow a reasonable attorney's fees in each case." Does it mean that if the defendant is successful the chancellor shall allow the defendants his attorney's fees? It would hardly be so agreed by the appellant city, nor would the said city agree, as we take it, that if the defendant is partly successful he shall be in that part allowed his attorney's fees. Does the statute mean that the chancellor shall allow the city its attorney's fees even though the defendant is successful in defeating the entire suit? It is not so contended; but it is contended that the city having won to the extent of sixty per cent of its claim, the allowance to it shall be of sixty per cent of its attorney's fees. In what right then, unless the defendant is allowed forty per cent of his attorney's fees? For if it was necessary for the city to have an attorney to recover the sixty per cent it was equally necessary for the defendant to employ an attorney to protect himself against the forty per cent which the city was wrongfully demanding and pressing upon him. Interest may be apportioned according to the recovery, but how are attorney's fees to be so apportioned? Are we to ascribe the services of the attorneys to the sixty per cent or to the forty per cent? Upon what

feature as between the two did the legal contest the more largely proceed, and upon which side of these two amounts did the burden of the work rest? These are some of the several considerations which the inquiry presents and which at last reduce the exact question to one impossible to answer except to have recourse to an arbitrary calculation, if any allowance is to be made.

Rather than that, we think the proper course to take is by the analogies of other instances in which attorney's fees are allowed. For instance, in partition attorney's fees are allowed only when there is no contest upon the merits of the case; and in dissolutions of injunctions where there are essential questions in the case which are litigated other than the sole question of the injunction, no fees are allowed. So here, it was not a case of an uncontested proceeding to enforce the cost of the local improvement, but was a meritorious litigation contested with energy and ability on both sides, and in which both sides were partly successful and party unsuccessful. In such a case, we must hold that no attorney's fees are allowable under the statute in question.

*Sustained in part, and in part overruled.*