TAYLOR *v.* COPELAND.

(Division B.   May 30, 1938.)

[181 So. 742.   No. 33212.]

(Division B.    Oct. 10, 1938.)

[183 So. 519.]

**Percy Bell,** of Greenville, for appellant.

**Don D. Townsend,** of Greenville, for appellee.

Argued orally by **Percy Bell**, for appellant, and by **Don D. Townsend**, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant, a negro farm tenant of appellee during the year 1936, filed his bill in the chancery court of Washington county against appellee to recover the amount of his furnish account of $2279.91, advanced him by appellee during that year and by him paid to appellee, upon the ground that appellee, in violation of Section 1946, Code of 1930, charged and collected more than twenty per cent interest per annum on the items of said account. There was a trial on the bill, answer and proofs

resulting in a decree dismissing appellant's bill. From that decree appellant prosecutes this appeal.

There is practically no conflict in the material evidence. Appellant for the year 1936 rented one hundred and five acres of land from appellee for which he agreed to pay him, and did pay him, $12.50 an acre. On the 15th of February, 1936, appellant executed to appellee his note for $2500.00 due October 15th of that year, with eight per cent interest per annum from date until paid. To secure the note and further advances to be made to him by appellee in the sum of $850.00 appellant executed a deed of trust on his crops to be grown and on other personal property. At the time of the execution of the note and deed of trust appellee had advanced appellant only approximately $75.00, which amount covered the entire indebtedness existing between them. The evidence showed that the entire consideration of the note and deed of trust was to secure the payment of the rent and supplies already advanced and to be advanced during the crop season. From January 12th to September 27th appellee advanced to appellant something like fifty odd items of supplies necessary to the making of the crop; the aggregate charge for these supplies was $2125.86, upon which he charged against each item eight per cent interest straight, not eight per cent per annum, which amounted to $154.05, and which added to the total makes the aggregate of $2279.91. Appellant paid the entire rent and furnish account by the first of October. During the previous month more than one third of it had been advanced and charged against appellant with eight per cent interest straight.

The interest charged and collected by appellee amounted to more than twenty per cent. per annum, approximately twenty-five per cent. Section 1946, Code of 1930, provides among other things that "if a rate of interest is contracted for or received, directly or indirectly, greater than twenty per centum per annum, the

principal and all interest shall be forfeited, and any a-mount paid on such contract may be recovered by suit.''

According to appellee's own testimony, including his book account, there is no escape from the conclusion that he charged and collected from appellant more than twenty per cent interest per annum on the furnish account. It is argued on behalf of the appellee that he was entitled to collect eight per cent per annum from the date of the note and deed of trust—February 15th—on all furnish items, regardless of when they were advanced, and that interest so calculated would not violate the twenty per cent provision of the statute. There is no merit in that position. A contract to pay the maximum rate of interest allowed by law, calculated from the date of the contract, where the consideration therefor is to be advanced later during its life, if and when needed, violates our usury statute. Interest begins to run on each advance of the consideration from its date. See Howell v. Ott, Miss., 180 So. 52.

It follows from what has been said that appellant was entitled to recover the sum of $2279.91, for which judgment will be entered here.

Reversed and judgment here.

## On Suggestion of Error.

**McGehee, J.**, delivered the opinion of the court on suggestion of error.

Upon the trial in the court below, it was the contention of the appellee that on a charge account of $3,592.41, covering land rent as well as for money advanced and supplies furnished between the 15th day of February and the 27th day of September, he was entitled to charge and receive 8% interest per annum for an entire year on the full amount, although fully paid at the end of such period; and the court below, in effect, so held. Upon the appeal here, he took the position, prior to the rendition of the original opinion herein, that he was at least

entitled to charge and receive 8% interest per annum on the entire account from February 15th through October 15th (because of the execution in his favor of a note by the appellant accordingly), and that this was true without regard to when a large portion of the items of money advanced and supplies furnished were received by the appellant during the period covered by the note. Many of the items were advanced within thirty days of the full and final payment of the account. In fact, an item of $100 on which 8% interest for a full year was charged and received was for an attorney's fee which was not paid out by the appellee on behalf of the appellant until a week after he had collected the $100 plus a year's interest from the appellant. In the original opinion, this Court rejected the contention of the appellee, and held that interest begins to run on each advance of the consideration from the date the items are received by the debtor; and further held that in view of the fact that, when the interest in so calculated, the amount received by the appellee in this case amounted to more than 20% interest per annum on the account, the full amount of both principal and interest collected by him was forfeited in the sum of $2,279.91, and for the recovery of which decree was rendered here in favor of the appellant. Now, the appellee points out for the first time, on suggestion of error, that the rate of interest charged, as shown by his book entries, on a number of the items advanced during the early part of the period in question, did not exceed 20% and that these items of principal should be eliminated from the judgment rendered against him. However, we decline to now consider a point made for the first time on suggestion of error, and which should have been covered in the original argument and briefs. The account was rendered as an entirety in answer to the appellant's bill for a discovery, and the case has been determined both in the court below and on appeal here solely on the other issues previously raised, as hereinbefore mentioned. Eady et

al. v. State, 153 Miss. 696, 122 So. 199; City of Laurel v. Fox, 154 Miss. 755, 762, 122 So. 484, 124 So. 73; Warren County v. Mississippi River Ferry Company, 170 Miss. 183, 194, 154 So. 349, 155 So. 349; State ex rel. Suddoth v. Tann, 172 Miss. 162, 167, 158 So. 777, 159 So. 539. In the Eady Case, it was said: "It is rarely the case that this court will notice, on a suggestion of error, a new contention, one not assigned or argued on the submission of the case. As a general rule it is no more permissible on appeal to present a case in halves or by piecemeal than it would be on the original trial." Cited numerous authorities.

Suggestion of error overruled.