## CITY OF JACKSON *v.* HART.

### [78 South. 780, Division A.]

MUNICIPAL CORPORATIONS. *Assessment for betterment. Description of Improvements—statute.*

Where a city proceeding under Laws 1912, chapter 260, providing for street improvements by municipal corporations, by resolution provided for the paving of a street, and the plans and specifications provided for paving only, and did not provide for the laying of water pipes, and the ordinance, plans and notice did not contemplate the laying of water pipes an abutting property owner is not liable for an amount expended by the city in laying water pipes from the main pipe in the street to the curb or sidewalk in front of his property, since the two improvements or betterments of having, and laying water pipes are different in character, and section 5, chapter 260, Laws 1912, require the resolution by the city council to describe the character of the special improvement proposed.

APPEAL from the chancery court of Hinds county. HON. O. B. TAYLOR, Chancellor.

Suit by the city of Jackson against John Hart. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

WM. HEMINGWAY, for appellant.

The question to be decided is whether or not the lead waterpipe can be charged against the abutting property owner as a part of paving. The statute provides the original cost of the paving may be assessed against the property owner.

Mr. Hart admits the correctness of the claim of the city of the cost of the paving except as to the lead water pipe. The lead water pipe is not in the paving, but is there in the earth under it.

The city of Jackson is benefited by the substitution of the lead pipe for the galvanized iron pipe by

reason of the fact that the street will not have to be cut in to repair the pipe which will not last as long as the paving.

This is also a benefit to the property of Mr. Hart in that the paving for which he pays will not be made unsightly and caused to deteriorate more rapidly by cutting in to replace the bad pipe. It can readily be understood that the leaking water pipe under the paving would be a detriment to the paving. This is not the question of who should lay the water pipe in order to serve the consumer, but whether or not such pipe is a part of the paving for which a lien might be enforced.

In this case it was not necessary for the property owner to have a permit to dig into the street himself, the city did it for him under a price secured by competitive bids, not only to put in a waste pipe to Mr. Hart's place but for all other property owners on that street. On this point we refer the court to the following: *Gunter* v. *St. Marks Church,* 68 L. R. A. 621; *Carmichael* v. *Texarkana,* 94 U. S. 461, 61 N. W. 1030; *Palmer* v. *Danville,* 38 N. E. 1067; *Gloason* v. *Waukesia,* 76 N. W. 249; *Prindville* v. *Jackson,* 79 I. 337; *Chicago* v. *Jamesville,* 28 L. R. A. 1154; *Jackson* v. *Ellendale,* 4 N. D. 478; *Donovan* v. *Oswego,* 86 N. Y. 155. But if we are wrong in our contention we say that Mr. Hart is estopped to deny the claim of the city in this case. *Edwards House* v. *City of Jackson,* 91 Miss. 429; 28 Cyc. 1171-1174.

Mr. Hart is certainly due the city the amount for the pipe which he is using even if it should be decided that the lien cannot be enforced for it.

*Watkins & Watkins,* for appellee.

As we understand it, though it, is not shown in the record, appellee is not the only abutting property

owner who refused to pay the assessment for water piping, but the refusal to pay was general. As we understand it, these items of water piping on all the pavement work of the city are being carried on the books of the city against the abutting property owners, and that the purpose of this suit is to ascertain whether the city can legally enforce collections of same, so as to proceed to enforce collections or charge them off the books, as the case may be.

By section 3411, and as amended, the governing boards of municipalities have the power in their discretion to require "special improvements," to be made on the whole or any part of any public street of the municipality at the cost of the abutting property owners, on whose abutting properties a lien is given by law.

The right of appellant to enforce a lien for payment for the water piping depends upon whether, the appellant is given such power by law. In the case of *Steitenroth* v. *City of Jackson,* 54 Miss. at page 363, this court said: "It is elementary law that municipalities have no powers, except such as are delegated to them by the state, either expressly or by necessary implication; and there is no distinction in this respect between governmental powers and those of a private or business nature." And in the case of *Wise* v. *Yazoo City,* 96 Miss. 507, at page 118, this court said: "Whenever a city seeks to exercise a power, it must find that power in its charter or it must be one of necessary implication from other powers granted in order to make effective the power which the legislature has granted in express terms.

In the case of *Alabama & Vicksburg Railway Company* v. *Turner,* 52 So. 261, at page 262, this court said: "Municipalities act under limited powers and must find their authority clearly given in the law, and when so found they must follow the law."

Section 3411 of the Code is dealing with and providing for special improvement of streets. The term "street" in the statute is defined by the statute to include all "public streets, avenues, lanes or alleys over which the municipal authorities have control." (Sec. 5942, Hemingway's Code).

A public street is a highway used for the ordinary purposes of travel by the public. Indeed, while the statute provides that the term street shall include all public streets etc., we think it would, without the provision to that effect. In the case of *M. & O. R. R. Co.* v. *The State*, 51 Miss. 137, at page 140, this court said: "Webster defines a street to be a city road, and a highway to be a public road; with respect to the use thereof there can be no doubt that they are both public."

If a street is a way of travel by the public, then to improve a street is to make it better as a way of travel by the public. And the term "improve" does not mean a working or repairing of the street.

The supreme court of Alabama, in the case of *Mayor, etc., of Birmingham* v. *Starr*, 20 So. 424, at page 427, said in reference to a charter provision of that city: "In one sense, any repairs upon a street or sidewalk are an improvement; but read in connection with the object intended and the duties in general owed by a municipality to the public and its citizens, under the charter. Improved, as used refers to the betterment of streets and sidewalks which have been already established and put in proper condition, and not to such repairs and improvements as are necessary to make and keep them reasonably safe for travel. *Bieling* v. *City or Brooklyn*, 120 N. Y. 98, 24 N. E. 389."

The point we are here trying to make is that under a statute empowering a city to specially improve a street at the expense of abutting property owners, the city is only empowered to better its condition for

travel. *Landon* v. *City of Syracuse et al.,* 46 N. Y. Sup. 1053.

As we stated on page 1 of the brief, the mayor and board of aldermen of the city of Jackson, passed a resolution under section 3411 of the Code, declaring the paving of Hamilton street to be necessary, on April 2, 1912. This ordinance did not provide with what material it should be paved with, but on June 4 1912, the board provided that it should be paved with "bithulithic." And by ordinance of July 2, 1912, the board provided what was required to be done by the property owners.

We call the court's special attention. to this ordinance of July 2, 1912, which is exhibit "H" to appellee's answer, and is found on page 30 of the record.

It is very evident from the ordinance of July 2, 1912, that appellant proposed to tax one-third the costs of the paving to the property owner on one side the street, and one-third the cost to the property owner on the opposite side, and pay one-third itself out of the general improvement fund. Appellee did not understand by the ordinance of July 2, 1912, that he was required or expected to lay any water piping prior to paving. Appellee did not understand that the word "pave" included the water piping. The ordinance directed appellee to "pave" one-third the width of the street directly in front and along his property. In the very same section of the ordinance, and more in the very same sentence of the section, and just before directing the property owners to pave, it was adjudicated that said street should be paved with bithulithic.

It is very evident that the board did not intend to require abutting owners to put down or bear the expense of the water piping under the ordinance of July, 2, 1912, for if it had, it would not have charged appellee with the

entire costs of same. We think the appellant put that ordinance in its bill to make this case different from the case of *Brown* v. *City of Meridian,* 102 Miss. 384, and *Van Norman* v. *Meridian Water Works,* 102 Miss. 736.

In the case of *Brown* v. *City of Meridian,* Mrs. Brown sued the city for failing to supply her water. The city of Meridian like the city of Jackson, owned its water works. The trouble with Mrs. Brown's water supply was a leak in the service pipe leaking from the main to her property line, and the city contended its duty stopped with the main. In that case this court said at page 389:

"It may be conceded that a property owner must look after and keep in proper condition all service or supply pipes branching off from the mains of the city, where such pipes cross over the property of the owner; but the cause of the trouble in the present case was not located upon the property of the plaintiff, but in the streets of the city. The city was just as much bound to render the service pipe along its streets adequate to all reasonable demands as it was to so construct its mains as to enable it to comply with its duties in furnishing an adequate supply of water to its patrons. In truth, that part of the pipe running along its system and under its sole control; and it was responsible for all damages arising out of its obstruction, or from its lack of capacity to carry an adequate supply of water."

And in the case of *Van Norman* v. *City of Meridian,* Mr. Van Norman sued the city of Merdian for damages for a failure to supply water to his premises. The trouble was a leaky service pipe running from the main to the property of plaintiff. This court speaking through the same judge, said: "The first error manifest in the record is the assumption of appellees that the customer of the city is bound to repair what is termed his 'private service pipe.' This burst pipe was on the streets of the city."

We submit, however, that it is immaterial whether the cutting in a pavement causes it to deteriorate, because if it did cause it to deteriorate, that fact would not give appellant a lien upon abutting property for putting down water piping. The right to put down water piping and enforce a lien upon abutting property therefor must be given by the state. *Wise* v. *Yazoo City,* 96 Miss. 507.

We submit that under the statute the term ''improvement of the street'' means a betterment of the street as a way of public travel. We submit that the laying of the water pipes was not a part of the pavement. We submit that the laying of the water pipes was not necessary to a pavement of the street, that the street could have been paved without it and that no right by implication exists to lay aside pipes and enforce a lien therefor.

And finally we submit, that if appellant had the right to lay said pipes as a part of said pavement, it cannot charge the costs of the pipes to the abutting owners, for the good and sufficient reason that by its ordinance of July 2, 1912, it adjudicated what was required of abutting property owners, and this was not required to them. We think it inescapable that appellant under said ordinance shouldered the cost of said pipes along with one-third of the cost of paving.

We respectfully submit in conclusion that it is the duty of appellant to furnish all neceessary service pipes leading from its water mains to the property lines of its citizens. The evidence shows that appellant owns its waterworks system and we submit that it does no more than its duty when it furnishes its citizens with water facilities to their property lines.

We respectfully submit that the case should be Affirmed.

HOLDEN, J., delivered the opinion of the court.

This suit was instituted by the city of Jackson under chapter 260, Laws of 1912, to enforce payment of fifty-three dollars and ten cents against the abutting property owner, John Hart, appellee, for cost of laying four lead water pipes connected with and laid from the city's main water pipe in the street to the sidewalk of appellee by the city beneath the street pavement. The appeal is from a decree in favor of the abutting property owner, John Hart.

The resolution passed by the city provided for the paving of the street upon which the property of appellee abutted. The street was to be paved with "bitulithic" according to the plans and specifications on file in the office of the city clerk. The pavement was laid by the city in front of appellee's property and he was assessed with six hundred, forty-one dollars and sixty-three cents for same, which he promptly paid. The city also laid four lead water pipes from its main pipe in the street to the curb or sidewalk in front of appellee s property, replacing an iron pipe which was then in use there.

We shall not pass upon the question as to whether the city had legal authority under chapter 260 of Laws of 1912, to make such improvements of its streets as laying water pipes in them and assessing the abutting property holders with the costs thereof, because we see no difficulty in affirming the decree of the chancellor upon the ground that the ordinance passed by the appellant, city of Jackson, and the plans and specifications adopted for the proposed improvement, provided for paving of the street only, and did not provide 'or the laying of water pipes in the street. The ordinance, plans, and notice to pave the street did not contemplate, nor include, expressly or impliedly, the laying of water pipes under or in the pavement by the abutting property owner or the city.

There is an obvious difference between the paving
of a street and the laying of connecting water pipes in
it for use of water patrons.   The two improvements
or betterments are different in character, and it can-
not be said, as a matter of fact or law, that the laying
of water pipes by the city in its streets constitutes a
paving of the streets.   Section 5, chapter 260, Laws of
1912, provides that:

"In such case the board shall, by resolution, declare
the improvement necessary.   The resolution shall
describe the character of special improvement pro-
posed."

It is undoubtedly plain to the most casual observer
that the ordinance and notice thereunder in this case
did not contemplate the laying of the four water pipes
by the city, but the paving of the street was all that
was prescribed by the resolutions and notice adopted
by the city of Jackson.   Therefore the abutting property
owner cannot be held for the amount expended by the
city in laying the water pipes involved in this case.

The judgment of the lower court is affirmed.

*Affirmed.*