BUCKLEY *et al. v.* CITY OF JACKSON

[88 South. 334, No 21872.]

1 MUNICIPAL CORPORATIONS. *Property owner held liable for interest on legal item of assessment from time assessment made final.*

Where a front-foot assessment is made against a city property owner under chapter 260, Laws of 1912, as amended by chapter 256, Laws of 1914 (Hemingway's Code, sections 5941 to 5965, inclusive), and such assessment is composed of charges for different items of improvement, and the property owner contests the assessment in the courts and succeeds in having all the items of assessment declared illegal except one, he is still liable for interest on that item under section 23 of said chapter 260, Laws of 1912, as amended by chapter 256, Laws of 1914 (Hemingway's Code, section 5963), from the time the assessment was made final.

2. Municipal corporations. *By tendering amount due on legal item of assessment, property owner may escape liability for interest.* In such case the only manner in which the property owner could save himself from interest on the item finally held to be legal would have been to concede its legality and make a tender of the amount.

Appeal from chancery court of Hinds county.

Hon. V. J. Stricker, Chancellor.

Suit by Agnes Buckley and others against the City of Jackson. Decree in favor of defendant, and plaintiff named appeals. Affirmed.

See, also, 85 So. 122.

*Green & Green,* for appellant.

The question presented in this appeal is as to whether or not there is a liability for interest when two items composing essential portions of the assessment have been by this court held illegal and not susceptible of assessment as such. The precise question was decided in *Langstaff* v. *Town of Durant,* 84 So. 460.

By section 100 of the Constitution, it is expressly provided: "Section 100. No obligation or liability of any person, association, or corporation held or owned by this state, or levee board, or any county, city or town thereof, shall ever be remitted, released or postponed, or in any way diminished by the legislature, nor shall such liability or obligation be exchanged or transferred except upon payment of its face value; but this shall not be construed to prevent the legislature from providing by general law for the compromise of doubtful claims."

In *Morris* v. *Adams,* 75 Miss. 410, it was expressly held that the municipality was without power to release taxes due. Now this imposition upon the property of appellant was in virtue of a special statutory power, as said in *Jackson* v. *Williams,* 92 Miss. 317; *Railroad Company* v. *Jackson,* 96 Miss. 576. Knowing, therefore, the strictness which is required, we examined the provisions for interest

·to be found in the statute, viz; section 3412, provides:
". . . Then the Street Commissioner shall . . .
make the repairs, construct the improvement . . .
keeping an account thereof and report the same to the
board at its next regular meeting thereafter for adjust-
ment."

In pursuance of this authority, the street commissioner
did so report, and his report showed the cost of doing this
work as two hundred, seventy-nine dollars and forty-three
cents, embracing three several items, paving, grading and
water and sewer connection, all of which the municipality
of Jackson claimed to be good and valid elements which
would have to be integrated into the assessment.

Now by section 3412 it is further provided: "And each
lot shall be liable and bound by a lien paramount to all
other liens, being its proportion of the cost of such im-
provement."

Now this improvement may consist of the paving, water
connection and the sewerage, each and every item of which
was so reported, and each and every item of which was
thereupon, by an order on the minutes of the board, inte-
grated into the total cost of the improvement and then ap-
portioned among such abutting lots . . . by the board
by order on its minutes by taking the whole number of
front feet improved and dividing such total cost thereby
and multiplying the quotient by the number of feet con-
tained in such abutting lot and the result shall be as as-
sessed by the board as the amount of the special tax to be
assessed.

Now in the instant case, the cost of the sewerage system,
the cost of the water connection and the cost of the grad-
ing and paving were each taken. Thereafter the total num-
ber of feet improved was divided thereunto and then out of
eighty foot front multiplied by its quotient and as a re-
sult we received an assessment of two hundred, seventy-
nine dollars and forty-three cents.

The duty of the aldermen is thus expressed: "And the
result shall be assessed by the board as the amount of the

special tax to be assessed against each lot . . . and if not paid within thirty days after such assessment, the amount assessed shall thereafter bear six per centum per annum interest."

The contention of the appellant is that it was beyond the power of the municipality to integrate into this assessment for two hundred, seventy-nine dollars and forty-three cents the water connection and the sewer connection, but notwithstanding this lack of power, such items were integrated and if appellant had tendered the amount of the paving assessment alone at any time up to the hearing of this cause, it would not have been received by the city because up until 1918, the city integrated thereinto the cost of water connection, and up until the hearing in this cause demanded the cost of the sewer connection and up to this minute there has not been an assessment against this property embracing only the legal liability thereunto apportionable, viz; paving and grading from 1912 to the hearing in the court below. The municipality of Jackson consistently and persistently sought to exact a sum in excess of that which is now admitted to be due, but seeks, not-withstanding such admission, to compel this appellant to pay interest upon, not the total assessment, but only that portion of the assessment which has been found legal, disregarding the portion which has been found to be illegal.

By section 2678 of the Code, it is expressly provided; "2678. (2348) Legal rate. The legal rate of interest on all notes, accounts and contracts shall be six per centum per annum; but contracts may be made, in writing, for the payment of a rate of interest as great as ten per centum per annum. And if a greater rate of interest than ten per centum shall be stipulated for or received in any case, all interest shall be forfeited, and may be recovered back, whether the contract be executed or executory."

Now claims against a county do not bear interest. *Warren County* v. *Klein*, 51 Miss. 807.

In *I. C. R. R. Co.* v. *Adams*, 78 Miss. 895, at page 902 the court said: "Can interest upon delinquent taxes be recovered upon an injunction bond by designating it as damages. If it can be thus recovered, it surely would be recoverable in a direct suit therefor. The basis for recovery must be the same in both instances. Calling interest damages, could not operate to make that liable which was not liable under the name of interest. Interest is entirely statutory. It was not allowable by the common law, and existed only by positive legislation. *Easton* v. *Foster*, Walker Rep. 214; *Homer* v *Kirkland*, 25 Miss 96.

There is no power in the chancery court to assess taxes. As said by Justice POTTER in *Johnson* v. *Manufacturing Co.,* 71 Co. 378; *State Revenue Agent* v. *Tonella,* 70 Miss. 701, 14 So. 17, 22 L. R. A. 346; Welty on Taxation, Par. 10; *People* v. *Kelsy,* 34 Calif. 473; *People v. Hastings,* 29 Cal. 450; *People v. Sargent,* 44 Cal. 434; *Houghton* v. *Austin,* 47 Cal. 646; *Richmond* v. *Danville R. R. Co.* v *Commissioners,* 74 N. C. 506; *Railroad Co. v. Commissioners,* 72 N. C. 10.

Thus, the chancery court was wholly without power to make this assessment and a condition precedent to its validity is the performance of those acts held requisite in *Langstaff* v. *Durant.* We are frank to say that we will at once pay the amount due for paving and grading, and would have done so at any time it might have been acceptable.

W. E. *Morse,* for appellee.

The appellant has properly stated the question for this court to pass upon. Can the city of Jackson collect interest for the paving and grading cost which was assessed against the property of the appellant?

The city of Jackson does not attempt to collect interest for the water connection for the reason that the supreme court in the *city of Jackson* v. *Hart,* 78 So. held that as the lead pipe connection was not set forth in the plans and

specifications that therefore the city could not establish a lien for this item.

The chancellor below held that the city could not collect for sewer connection upon the same line of reasoning. The appellant admits that the item for paving and grading of two hundred, fifty-five dollars and sixty cents is correct after the supreme court had twice said that it was in the Sparks case, and in this same case when it was before this court.

Appellant while admitting that the item is just and legal and should be paid, says that she should not be charged with interest on this item. She states if any interest is computed it should be upon the paving and grading, water connection and sewer connection and she then turns around and says that you can't do this for the reason that it contains illegal items, and that interest cannot be computed on illegal items. That is the correct rule of law where the items are not capable of division, but where they are divisible there is a different rule to be employed.

Appellant cites *Langstaff* v *Durant,* as upholding the contention that interest could not be collected. That is a true statement but not the whole truth, for the reason that in the Langstaff case the town of Durant borrowed money and attempted to include the item of interest on the money borrowed, attorney's fees and engineer's fees in this assessment. The items were not itemized at the time of the assessment so that they might be eliminated.

In the instant case there was so much for the paving and grading, so much for the water connection and so much for the sewer connection, showing specifically what each and every item cost. So that we could eliminate those items which the court said were not collected.

Appellant proceeds upon the theory that there has been a tender of the amount due, that this was done at the very beginning, she does not say so in so many words but the inference is strong. There has been no tender, there is nothing in the record relative thereto.

125 Miss.—50

It is true that the city might not have accepted the amount for paving and grading had it been tendered to it before the decision of the court in the Hart case. And had this been done it would have a different effect on the standing of the parties, but this was not done.

Appellant has contested the enforcement of the city's claim for four years and has raised every objection and defense available to her in this matter. She now states that she is willing to pay the principal but not the interest. They who dance must pay the piper. Those who litigate must suffer the consequences.

Appellant could just as well contend that as the item of water connection and sewer connection were assessed along with the paving and grading, that this constituted an assessment as a whole and as such if some items were uncollectable, then the others could not be unless the property was reassessed.

Appellant realizes that this proposition is not sound; yet this is in effect what appellant would have the court do, as the interest is statutory and begins thirty days from the date of assessment. To follow the course suggested by the appellant would be to set aside the decision of this court in the case of *Sparks* v. *City*, 79 So. 67; *City* v. *Buckley*, 85 So. 122.

We think the chancellor was right: (1) The assessment was legally made and not appealed from. (2) The items were itemized so that a person was put on notice of everything. (3) Interest is statutory and should be computed on the legal amount due.

Anderson, J., delivered the opinion of the court.

This appeal by Mrs. Agnes Buckley is from a final decree against her in favor of the appellee. The case was tried in the court below on an agreed record.

At the May, 1912, meeting of the mayor and board of aldermen of the city of Jackson the property of the appellant, consisting of a lot in said city fronting eighty feet

on the west side of North State street, was assessed with its share of the cost of the special improvement made on said street as follows:

"Pavement and grading, two hundred, fifty-five dollars and sixty cents; water connections, forty and one-half feet at forty-five cents, eighteen dollars and twenty-three cents; sewer connections, sixteen feet at thirty-five cents, five dollars and sixty cents; total, two hundred, seventy-nine dollars and forty-three cents."

The special improvement in question was made under chapter 260, Laws of 1912, as amended by chapter 256, Laws of 1914 (Hemingway's Code, sections 5941 to 5965, inclusive).

The court below, under the authority of the case of *City of Jackson* v. *Hart*, 117 Miss. 871, 78 So. 780, held that the assessments for the water and sewer connections, the assessment for the former being eighteen dollars and twenty-three cents, and the latter five dollars and sixty cents, were illegal; but rendered a decree against the appellant for two hundred fifty-five dollars and sixty cents, the amount assessed for paving and grading with interest thereon as provided in section 23, chapter 260, Laws of 1912, as amended by chapter 256, Laws of 1914 (Hemingway's Code, section 5963.)

The only error assigned is directed to that part of the decree allowing interest on the assessment for paving and grading.

It is shown by the agreed facts that from the time this assessment was confirmed by the municipal authorities until the decision of the case of *City of Jackson* v. *Hart, supra,* on June 10, 1918, the appellee insisted on the payment of the entire amount of the assessment, including the assessment for the water connection and the sewer connection, and up to the rendition of the final decree in the court below on October 7, 1920, insisted on the payment of the assessment for the sewer connection as well as that for the grading and paving assessment. It is contended on behalf of the appellant that she should not be made to pay inter-

est on that part of the assessment which was held to be legal, being for the grading and paving, because the city of Jackson was insisting at the same time on the payment of the other assessments which were held to be illegal. Each item of improvement with its cost was distinctly set out. There was no integration of the items, on the contrary they were plainly segregated.

Section 23, chapter 260, Laws of 1912, as amended by chapter 256, Laws of 1914 (Hemingway's Code, section 5963), under which this improvement was done, expressly provides, among other things:

"It shall be the duty of the property owner to pay the assessment within thirty days after the assessment is finally made. If the assessment be not paid in thirty days it shall bear interest at the rate of six per cent., and the mayor and board of aldermen may order suit to be brought in the chancery court to enforce the lien."

*Langstaff* v. *Town of Durant,* 122 Miss. 471, 84 So. 459, is cited as supporting the contention of appellant. We do not so understand that case. The court did hold in that case that the property owner could not be charged with interest paid by the town on borrowed money procured to make the special improvement pending the raising of the funds for that purpose in the manner laid down by statute; but, in that connection, the court held that the property owner was liable for interest accruing after the assessment was due.

The statute controls. It expressly provides for interest if the assessment is not paid within thirty days from the time it was finally made. If the property owner chooses to fight the assessment in the courts, he takes the chance of failure with all its consequences, as do litigants in other character of causes. If he wins out entirely he saves the whole assessment, including the interest of course, and if he wins in part only so far does he save the assessment and interest.

In the opinion of the court under the facts of this case the only way appellant could have saved interest on the

grading and paving item held to be legal, and at the same time contest the legality of the other items, would have been to tender the appellee, when due, the amount of that assessment. This was not done. 37 Cyc. 1159, 1160.

*Affirmed.*