City of Jackson *v.* Greaves.

(Division A. Jan. 7, 1924.)

[98 South. 337. No. 23721.]

Municipal Corporations. *Publication of paving ordinance held insufficient to charge abutting owners with cost of water and sewer connections; "paving."*

A street paving resolution by a municipality adopted and published in accordance with sections 5 and 6 of chapter 260, Laws of 1912 (Hemingway's Code, sections 5945 and 5946), recited "that the material with which the street is to be paved shall be any of that which is set forth in the plans and specifications prepared by the city engineer, which have been adopted and are now on file with the city clerk." As a part of said paving project said plans and specifications so on file provided for water and sewer connections, the expense to be paid by the abutting property owners. *Held,* water and sewer connections are special im-

· provements separate and distinct from a paving project, and therefore said notice to the abutting property owners was insufficient as notice that the municipality sought to charge them with the cost of such water and sewer connections.

APPEAL from chancery court of Hinds county.

HON. V. J. STRICKER, Chancellor.

Suit by the city of Jackson against H. B. Greaves. From a decree for defendant, plaintiff appeals. Affirmed.

*W. E. Morse,* for appellant.

The court held in the case of *Edwards House Company* v. *City of Jackson,* 91 Miss. 429, 45 So. 14, that where a resolution for the paving of a street contained a recital that it was resolved by the mayor and aldermen of the city "proceeding under section 3011 of the Code of 1892" such section became a part of the resolution as if its literal language had been incorporated therein. We contend that this is the right rule and the rule of reason so that by referring to the plans and specifications which were on file the ordinance declaring the improvement necessary incorporated the same into the notice as effectually as though the plans and specifications had been set forth in the first resolution.

Regardless of any decision in this state or any other state, we affirm that the rule of reason would be to the same effect. In arriving at the reason we would ask ourselves: "What is the notice for?" It is to give the property owner the right to protest or to do the work himself.

Now the defendant in this case, had he inspected the plans and specifications could have advised himself of their contents and could have determined as to whether or not he wanted his special improvements according to the plans and specifications. He did not affirm in his answer and made no showing that he wanted to put down the special improvement himself. *Bryant* v. *Greenwood,* 112 Miss. 718, 73 So. 728.

But the appellee states that the resolution declaring the improvement necessary refers to paving and paving alone and that he should not be held for the sewer or water connection where the original notice simply refers to paving. We say that the notice by referring to the plans and specifications on file was a sufficient description to have put the appellee herein on notice. 28 Cyc. page 1003, note 4.

In this connection see the following cases: Idaho (1911): A city ordinance declaring the intent of the council to organize and construct a sewer system, reciting that the character of the proposed lateral system shall be that of a gravity and according to the plans and specifications on file in the office of the city engineer is sufficient compliance with Revised Codes, sec. 2353 ───── 3, requiring that the ordinance of intention shall state the general character of the proposed sewerage system; the reference to the plans and specifications being sufficient to give notice to all persons interested of the general character of the proposed work. *Williams* v. *Caldwell,* 114 Pac. 519, 19 Idaho 514.

Oregon: Reference to plans in notice of paving held to make plans part of the notice as effectually as if they had been copied therein. 187 Pac. 841.

We have some well-reasoned cases which we respectfully call to the attention of the court which hold that sewerage and water connections are incident to paving, and in this day of congested city life, when people dwell together, it is necessary, it is practically imperative that some means be provided for furnishing fresh water, and for carrying off refuse, one is as necessary as the other, neither can exist by themselves in a city. *Donovan* v. *City of Oswego,* 90 App. Div. 397, 86 N. Y. Supp. 155.

By every rule of law, by every rule of reason, we say that the notice was sufficient to advise the appellee of the

intent of the city to do the work, put in the sewerage and water connection and charge the appellee therefor.

The items for water connection and sewerage connection should have been included in the lien awarded by the chancellor. It was on the same notice, and for the same plans and specifications. Paving and grading were upheld while the water and sewerage were not. We say that the city has the authority to charge them to the property owners, and that they were proper items as set forth in Exhibit "A" to the bill of complaint.

Section 5835 of Hemingway's Code is as follows: "Streets, Sidewalks, Sewers and Parks.—To exercise full jurisdiction in the matter of streets, sidewalks, sewers and parks; to open and lay out and construct the same; to repair, maintain, pave, sprinkle, adorn and light the same." In this connection see *Crumple* v. *Vicksburg,* 42 So. 673.

Under the above quoted section of the Code, as also section 5816, the city would have the inherent right to make these improvements and charge the landowner therefor; because in the first place such acts are for the promotion of health of the people of the city of Jackson, and even though it might work an individual hardship, yet it is for the general health of the people of the city of Jackson.

Turning now to the right of the municipality to include water connections in the plans and specification, and to charge for the same, we cite the court first to a well-reasoned case decided by the supreme court of the United States in 170 U. S. 52, 42 L. Ed. 946. And the case of *Waukegan* v. *De Wolf,* 258 Ill. 374, 101 N. E. 532, 45 L. R. A. (N. S.) 918.

As to the sewerage being embraced in a notice to pave, see the following cases: We say that under the case reported in 86 N. Y. Supp. 155, *supra,* that sewerage connection would come in the same class as water connection, and *vice versa.* " 'Pave' is a word, the meaning of which,

like most any other, will depend on where, and the connection in which it may be used.   In a resolution of intention to pave certain streets, it would include the construction of gutters, catch-basins, and sewer connections, so that an ordinance enacted pursuant to the resolution would include such work." *Muff* v. *Camerson,* 114 S. W. 1125, 1126, 134 Mo. App. 607.   "As the word 'building' is a synonym of 'paving,' a town has power to pave with asphalt under a power to macadamize, build, gutter and curb street." *Morse* v. *City of Westport,* 19 S. W. 831, 833, 110 Mo. 502.   "The power to pave city streets, conferred upon the common council by charter, includes curbs, sidewalks, gutter, trimmings, and grading." *Jacquemin* v. *Finnegan,* 80 N. Y. Supp. 207, 209, 39 Misc. Rep. 628.

There is a New Jersey case, *Doughton* v. *Camden,* 63 Att. 170, 3 L. R. A. (N. S.) page 817, that is *contra* to the above cases but the editor states in his case note that this decision was within narrow limits, merely holding that the act of the municipality in imposing the tax was not authorized by the general taxing power, or by charter authority to tax property benefited by a local improvement because of, and in excess of benefits.   We call the court's attention to the case note in this report.

We say that the sewerage and water connections were all included in the plans and specifications.   That the property owners were advised of this, or by a reasonable inspection of the plans and specifications they could have advised themselves of the same.   We say that if the notice was valid, and the only way that the notice could be valid would be by referring to the plans and specifications, and making them a part of the original notice, then the entire assessment is valid.   Otherwise the notice would have been void for not describing the material out of which the paving was to be constructed.   We have no fault to find at this time with the Hart case.   We say that we have followed the rule announced by this court in the Hart

case, and have spent thousands of dollars in putting in sewers, and lead pipe connections, but we have included all of them in the plans and specifications, and we say that we think the lower court was wrong, and we would like for this court to reverse the case and render a judgment here for the appellant.

*H. B. Greaves,* for appellee.

The opinion of the chancellor in this case is manifestly correct for the reason stated in his opinion, which reason I shall set out as number one, therefore I submit this case should be affirmed for the following reasons:

First: The ordinance, if valid, had no mention whatsoever of sewer or water pipes, but referred to surface paving only.

Second: The ordinance is void and did not put any property owner under the duty to examine the plans and specifications referred to for any purpose whatsoever, because—A. The ordinance was under chapter 260, Laws of 1912, and proposed to assess the entire cost against the abutting property owners; when prior to the enactment of the statute referred to, and since its enactment, the city of Jackson had adopted, or pursued a different method of paying for paving, and any other method was void. *City of Jackson* v. *Doxey,* 128 Miss. 618; *Firm Lumber Company* v. *City of Hattiesburg,* 95 So. 250. B. Because the record in this case shows no assessment for sewer or water connections had ever been collected by the city, but had been paid for by the city prior to the attempt to collect for such, in the *Hart case,* 117 Miss. 871. C. Because the statute does not give the city any such power. The statute enacted referred to surface improvements only.

Third: Because the city in going into the water business' does so as a private corporation, and can only do such things as the statute gives them authority to do. See

*Wise* v. *Yazoo City,* 96 Miss. 507; *Lenne* v. *Bordes,* 6 L. R. A. (N. S.) 707; *State ex rel.* v. *Waseca,* 46 L. R. A. (N. S.) 477, 122 Mass. 348. A private corporation would hardly be permitted to require the citizens along the streets served by it, to defray its expenses of constructing its system, and the city has no such right. *Van Norman* v. *City of Meridian,* 102 Miss. 736; *Brown* v. *City of Meridian,* 102 Miss. 384.

Fourth: There is nothing in the record to show this assessment was made as directed by any statute, and publication made of same. This was necessary to the validity of the assessment, even though same is valid.

Fifth: Because the lot is a vacant lot and no sewer or water connections are used, and may never be used and if the city desires to protect itself in the laying of these pipes it was up to it to lay the pipes.

There is nothing in the resolution which refers to any improvement except paving. No taxpayer or abutting owner, reading the ordinance would imagine any plans and specifications referred to embraced anything except surface paving. It is void. In *City of Jackson* v. *Williams,* 92 Miss., a little below the middle of page 316, Op. Mayes, "The ordinance declaring the improvement necessary must have in it such facts as will fully enable the property owner to find out what work is required to be done." See *City of Jackson* v. *Williams,* 92 Miss. 312. There is no reference to pipes or sewerage, only paving. See also *Langstaff* v. *Durant,* 111 Miss. 821 (S. C. 72 So. 236). Possibly a different rule for assessing sidewalks and pavements may be obtained. Same case again reported in 122 Miss. 471 (S. C. 84 So. 459).

There is nothing in the published resolution indicating in any way any intention to lay water or sewer pipes— even if the city had such power. Paving is in no wise to be construed as including laying water and sewer pipes. See *City of Jackson* v. *Hart,* 117 Miss. 871.

The city has no power except such as is delegated to it by law. See *Steitenroth* v. *City of Jackson,* 54 Miss. 363, and there is no distinction between this corporation and a private corporation. See *State ex rel.* v. *Waseca,* 46 L. R. A. (N. S.) 477, 122 Mass. 348. Also see *Wise* v. *Yazoo City,* 96 Miss. 507; *A. & V. Ry. Company* v. *Turner,* 52 So. 261; *The Alabama case* reported in 20 So. 424.

Section 13 of the Acts of 1912, gives the property owners a right to do the work themselves in thirty days. The city would never permit a property owner to go into its streets to the water main and lay pipes.

Judge COOK said, in *Brown* v. *Meridian,* 102 Miss. 390, part of opinion near the top of the page: "The owners of abutting property have no legal right to go upon and excavate the city's streets." In his opinion, same case, last of second paragraph, page 389, he says: "That part of the pipe running along its streets was, in legal contemplation, a part of its system and under its sole control."

We must bear in mind the city, in conducting the business of supplying water to the citizens acts as a private corporation, or individual, for hire, and it is up to the city to furnish proper conduits to carry water to its consumers. I know of no statute giving cities authority to conduct a private business for profit and place the burden of equipping this business on the abutting property holders. See *Wise* v. *Yazoo City,* 96 Miss. 507.

Until an ordinance is passed requiring householders to keep in repair the service pipes located in the city streets it is the duty of the city to repair the same. See *Van Norman* v. *Meridian,* 102 Miss. 742. In this opinion Judge COOK says (middle of page): "There is no ordinance . . . if adopted, would probably be assaulted as an unreasonable and unworkable regulation."

In *The City of Jackson* v. *Hart,* 117 Miss. 871, there was no appeal from the assessment. In that case the city sued Hart for water pipe and sued as in this case. The court held it was not collectible. No one can read William

Hemingway's brief filed for the city of Jackson, and not be convinced that the city could not in any case collect for sewer pipe and water as pavement.

Mr. Hemingway says (page 871 in his brief, ''The lead water pipe is not in the paving, but is there in the earth under it.'' Mr. Hemingway says, next paragraph: ''The city of Jackson is benefited by the substitution of the lead pipe.''

The court said, Holden, J., 117 Miss. 878, as follows: ''It is undoubtedly plain to the most casual observer that the ordinance and notice thereunder in this case did not contemplate the laying of the four water pipes by the city but the paving of the street was all that was pre- scribed by the resolutions and notice adopted by the city of Jackson. Therefore the abutting property owner can- not be held for the amount expended by the city in laying the water pipes involved in this case.''

The ordinance under which this paving was done does not refer in any section to the laying of sewer or water connections, but in every section refers to paving. For instance, in section 1, it says: ''It is necessary that street paving be constructed.'' In section 2, it reads: ''For construction of above-mentioned street pavement.'' In section 3 it says: ''Only adopts grades and specified grades in plans and specifications.'' In section 4, it says: ''Provides owners to pay for entire work, etc.'' In section 5, it provides: ''That material with which street is to be paved, etc.'' No reference to sewer or water connections. In section 6, it provides: For publication for three weeks so as to give abutting resident owners an opportunity to object to ''said proposed street pavement.'' Nowhere do we find any reference to laying any water or sewer con- nections.

There is no reference in the Resolution, Exhibit 1, to answer, referring to chapter 224, page 308, Acts of 1922, as required by section 2 of this Act, and therefore, it can- not be construed as having been made under this Act.

This Act is subsequent to chapter 260 of the Acts of 1912, and has no reference to it whatever, and in fact, was passed after this ordinance was published and has no bearing on this case.

The city of Jackson, since the enactment of chapter 260, Acts of 1912, paved Hamilton street, one-third to the abutting property owners on each side and one-third to the city. See ordinance July 2, 1912, Exhibit "H," in record of the *City of Jackson* v. *Hart,* 117 Miss. 871. See Watkins' brief, page 875.

*Green & Green,* for appellant.

The decision in this case, collaterally and directly, involves about thirty thousand dollars, due to the city of Jackson, and, with the utmost deference, counsel's contention that the *Doxey case,* 128 Miss. 618, and the *Firm Lumber Company case,* 95 So. 250, preclude the collection of this assessment, is without force.

The verbiage for the construction is: "Sec. 4. But the method adopted by the mayor and board of aldermen, for the payment of special improvements, must be the same on all streets of the municipality; and in case any municipality has already commenced any particular kind of special improvement, the municipality must continue to assess the cost on all owners of property in the municipality in the same way that the assessment was made before the passage of this Act, to the end that all persons may be compelled to pay for the same character of special improvements on an equal basis, provided the provisions of this Act shall not apply to property owned by the state." Laws 1912, chapter 260.

The first paving in Jackson was done in 1900, as this court knows judicially from the record in *Edwards House Company* v. *City of Jackson,* — Miss., —, whereunder this power of the city was first sustained, and our information is that, from that time until 1918, the city at-

tempted to assess, as recited on page 58, and actually did collect, certainly from one of the writers of this brief, amounts due to the city for lead pipe and sewerage. In 1918, Hart denied the city's right to collect, and his contention was sustained in that year, but that was six years after the passage of the act Act of 1912, and from 1900 to 1912 constitutes the criterion under section 4.

The purpose of that act is that "all persons may be compelled to pay for the same character of special assessments on an equal basis." All citizens paying for paving from 1900 to 1912 paid specifically to the city, according to its records, for that obligation which is now sought to be avoided by this appellee.

The question, therefore, reverts: Conceding the correctness of the Doxey case, and conceding the correctness of the firm Lumber Company case, where the city has actually collected, and actually assessed, for lead pipe and sewerage, does not section 4 require that this course be continued, so that all persons may be compelled to pay for the same character of special improvements on an equal basis?

Argued orally by *W. E. Morse* and *Garner W. Green,* for the appellant.

ANDERSON, J., delivered the opinion of the court.

Appellant, city of Jackson, sought by its bill filed in the chancery court of the First district of Hinds county to charge a lot owned by appellee, H. B. Greaves, on Bailey avenue, in the city of Jackson, with the cost expended by appellant in connecting appellee's said premises with the city's sewer and water mains. The cause was tried on bill, answer, and proofs, and a final decree rendered in favor of appellee, from which appellant prosecutes this appeal.

Appellant paved Bailey avenue, one of its streets, under chapter 260, Laws of 1912 (Hemingway's Code section 5941 to 5965, inclusive), and charged the cost of such pav-

ing to the abutting property owners, one of whom was appellee. The plans and specifications prepared by the city engineer for the paving of said street were on file with the city clerk. These plans and specifications provided as a part of said paving project for water and sewer connections to be paid for by the abutting property owners.

One of the appellee's defenses was that the resolution adopted by the mayor and board of aldermen in accordance with section 5 of said act (Hemingway's Code, section 5945), and published in pursuance of section 6 of said act (Hemingway's Code, section 5946), failed to give the abutting property owners notice that a special improvement in the form of water and sewer connections was to be made and paid for by them as a part of the paving of said street.

The resolution published by the mayor and board of aldermen does not refer directly to sewer and water connections. It contains no reference to any such public improvement. However, section 5 of the resolution states:

"That the material with which the street is to be paved shall be any of that which is set forth in the plans and specifications prepared by the city engineer, which have been adopted and are now on file with the city clerk."

These plans and specifications did provide for water and sewer connections, the cost to be charged to the abutting property owner. Appellant contends that such a reference in the published resolution was sufficient notice to abutting property owners of what was contained in the plans and specifications. On the other hand, appellee contends that the publication of said resolution gave the property owners notice alone of the purpose of appellant to pave the street in question, which was a public improvement separate and distinct from water and sewer connections, and that he was not thereby called upon to look to said plans and specifications for any other purpose. And to sustain his position appellee relies on *City of Jackson* v. *Hart,* 117 Miss. 371, 78 So. 780.

Section 5 of the act (Hemingway's Code, section 5945) provides, among other things, that the resolution adopted by the mayor and board of aldermen "shall describe the character of special improvement proposed; . . . shall state whether the proposed special improvement is to be made on the street or sidewalk, and shall designate between what points the street or streets shall be improved, whether the whole length of the street or only a part of it." Section 6 of the act (Hemingway's Code, section 5946), provides for the publication of such resolution, how it shall be published, and for what length of time.

It was held in *City of Jackson v. Hart, supra,* that there was an obvious difference between paving a street and laying and connecting water pipes in a street with the premises of abutting property owners; that the two improvements were of an entirely different character; that the laying of water pipes by a municipality in its streets constitutes no part of the paving of such streets. In view of what was held in that case, did the publication of the resolution in question put the abutting property owners on notice that appellant sought to charge them as such abutting property owners with the cost of said water and sewer connections? We think not. Appellee had a right to rely on what was said in the Hart case. He had a right to treat the notice as exclusively a paving project. He was called upon by the notice to examine the proceedings of the mayor and board of aldermen, including the plans and specifications, in order to determine if there was any ground of objection to said paving project He was not required to look into the question of the special improvement involving water and sewer connections. That was another and distinct thing under the Hart case. Therefore we hold that the notice given the abutting property owners so far as the cost of water and sewer connections were concerned was void.

*Affirmed.*